IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.W by and through her Next Friend, B.W., individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PEDIATRIX MEDICAL GROUP OF KANSAS, P.C.,<br><br>Defendant. | Case No. 4:21-cv-119 |

**PEDIATRIX MEDICAL GROUP OF KANSAS, P.C.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Pediatrix Medical Group of Kansas, P.C. ("Pediatrix") hereby removes the above-captioned action, *A.W., by and through Next Friend, B.W. v. Pediatrix Medical Group of Kansas, P.C.,* Case No. 2016-CV-26057 (the "State Court Action"), from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri. Pediatrix hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for original jurisdiction and removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. The State Court Action was filed in Jackson County. Therefore, venue properly lies in the United States District Court for the Western District of Missouri. *See* 28 U.S.C. §§ 89(c), 1391.

## PLEADINGS, PROCESS, AND ORDERS

3. On or about December 22, 2020, Plaintiff A.W. ("Plaintiff") filed the State Court Action, by and through her Next Friend, B.W., individually and on behalf of all persons she claims to be similarly situated. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon Pediatrix in the State Court Action, are attached as **Exhibit A** to this Notice. A true and correct copy of the docket in the State Court Action is attached as **Exhibit B** to this Notice. A true and correct copy of all filings in the State Court Action is attached as **Exhibit C** to this Notice.

4. According to the allegations in the Complaint, Plaintiff and the members of the putative class she purports to represent are persons whose personally identifiable information ("PII") and protected health information ("PHI") was allegedly compromised in a phishing attack perpetrated by a criminal third-party actor against certain Microsoft Office 360-hosted business e-mail accounts. *See generally* Petition

5. The Complaint alleges six counts for: (1) breach of implied contract; (2) negligence; (3) invasion of privacy by public disclosure of private facts; (4) breach of fiduciary duty of confidentiality; (5) violations of Missouri merchandising practices act; and (6) negligent training and supervision.

## SERVICE ON THE STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Western District of Missouri, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Jackson County, Missouri.

## TIMELINESS OF REMOVAL

7. Pediatrix was served with a copy of the Summons and Complaint on January 27, 2021. This Notice has been filed within thirty (30) days after Pediatrix was served with a copy of the Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b).

## ORIGINAL JURISDICTION PURSUANT TO CAFA

8. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a). As set forth more fully below, this is a civil putative class action wherein: (1) the proposed classes contain at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other governmental entity; (4) the total amount in controversy for all class members exceeds $5 million, exclusive of interest and costs; and (5) none of the exceptions to CAFA jurisdiction applies. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As discussed below, this case meets each CAFA requirement for removal.

*The Proposed Classes Contain At Least 100 Members in the Aggregate*

9. Plaintiff purports to bring claims on behalf of a putative class of individuals she defines as: "All Missouri citizens who were patients or the parents/guardians of patients of Defendant and whose PHI and/or PII was disclosed by Defendant to unauthorized third parties on between [sic] June 17, 2020 to June 22, 2020." Petition ¶ 70 (the "Putative Class").

10. Plaintiff alleges that the Putative Class "is comprised of thousands of individuals." Petition ¶ 71. Based on this allegation alone, the 100-person requirement is satisfied.

11. Mednax Services, Inc., a company that provides revenue cycle management and other administrative services for Pediatrix, sent 4,750 Missouri residents letters notifying them that their PII and PHI was potentially compromised in the phishing attack, further demonstrating that there are more than 100 members of the Putative Class, and CAFA's 100-person requirement is satisfied.

*Minimal Diversity Exists*

12. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A), 1453.

13. Plaintiff alleges that she is a citizen of Missouri. Petition ¶¶ 14, 15.

14. The Complaint incorrectly alleges that Pediatrix is a citizen of Missouri. *See* Petition ¶ 12. Pediatrix is a corporation organized under the laws of Kansas, with its principal place of business located at 1301 Concord Terrace, Sunrise, Florida 33323. *See* **Exhibit E** attached, Decl. of Meredith Longsworth ¶¶ 4, 5. Thus, Pediatrix is a citizen of Kansas and Florida. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

15. Because Plaintiff, is a citizen of Missouri, and Pediatrix is a citizen of Kansas and Florida, CAFA's minimal diversity requirement is met.

*No Defendant Is a Governmental Entity*

16. Pediatrix, the only Defendant, is a for-profit corporation. Accordingly, no defendant is a state, state official, or other governmental entity.

### *The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs*[1]

17. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014).

18. Based upon Plaintiff's allegations and theories, the amount in controversy exceeds $5,000,000 in the aggregate for the putative class, exclusive of interest and costs.

19. Plaintiff alleges "thousands" of putative class members exist. Petition ¶ 71. For these thousands of members, Plaintiff seeks to recover out-of-pocket expenses, emotional distress damages, attorneys' fees, and disgorgement of proceeds.

20. Plaintiff seeks recovery for out-of-pocket expenses they allege they have incurred or will incur as a result of the data security incident, including "expenses to purchase credit monitoring." Petition ¶ 69. Plaintiff does not quantify the amount of these expenses, but the cost of the relief sought can be approximated by "estimat[ing] the cost of providing the proposed class free credit monitoring for a period of three years." *See Porras v. Sprouts Farmers Mkt., LLC*, No. 16-cv-1005, 2016 U.S. Dist. LEXIS 96805, at *7 (C.D. Cal. July 25, 2016). The advertised monthly rates of credit monitoring services provided by the three national credit reporting bureaus

---

[1] Though Pediatrix disputes that Plaintiff is entitled to bring this action, vehemently denies liability, and contends that Plaintiff and the members of the putative class can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

range from $14.95 to $19.95 per month at Equifax, $24.95 per month at TransUnion, and from $9.99 to $29.99 per month at Experian. *See* **Exhibit D**, which are true and correct copies of screenshots from the websites of the three national credit reporting bureaus as of February 2021. Taking the average of the lowest price of these three national credit reporting agencies, *see Porras*, 2016 U.S. Dist. LEXIS 96805, at *8, the cost of providing credit monitoring services to each of the members of the putative class is $16.63 per month. The total cost for three years of credit monitoring services for each of the 4,750 members of the putative class is $2,843,730 ($16.63 per month x 36 months x 4,750 putative class members = $2,843,730). This amount is properly included in the amount in controversy when assessing whether CAFA's jurisdictional requirements are satisfied.

21. The Complaint also seeks recovery for other categories of out-of-pocket expenses. It alleges that "Plaintiff[] and the other Class Members—typically spend hundreds of hours in personal time and hundreds of dollars in personal funds to resolve credit and other financial issues resulting from data breaches" and goes on to estimate that they will "incur an average of $354 of out-of-pocket expenses attempting to rectify this situation." Petition ¶ 67.

22. Though Pedatrix does not concede these figures are accurate, and denies that Plaintiff or the members of the putative class could ever recover such amounts, they are properly used to quantify the amount that the Complaint places in controversy, as the Complaint seeks recovery for "out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud" the members of the putative class claim they face. Petition ¶ 90. Assuming that all 4,750 Missouri residents who received notice that their information was potentially compromised spend an average of $354 in out of pocket expenses as a result of the alleged compromise of their personal information, their total expenses would be $1,681,500.

6
Case 4:21-cv-00119-DGK   Document 1   Filed 02/25/21   Page 6 of 10

23. The Complaint also alleges that approximately 19% of individuals "who are victimized by identity theft or identity fraud will incur an average of fraud-related economic loss of $1,513." Petition ¶¶ 56, 67. While Pediatrix does not concede these figures are accurate, and denies that Plaintiff or the members of the putative class could ever recover such amounts, for purposes of establishing the amount in controversy only, based on Plaintiff's allegations it is appropriate to assume that 19% of putative class members will incur $1,513 each in "fraud-related economic loss." *See* Petition ¶¶ 56, 67. Here, if 903 individuals (19% of the 4,750 individuals with potentially compromised information) incur $1,513 in fraud-related economic loss, that amounts to an additional $1,366,239 in controversy.

24. Thus, the Complaint seeks recovery of $5,891,469 in out-of pocket expenses that are properly included in the amount in controversy when assessing whether CAFA's jurisdictional requirements are satisfied. ($2,843,730 + $1,681,500 + $1,366,239 = $5,891,469).

25. Attorneys' fees must also be included in assessing the amount in controversy for CAFA jurisdictional purposes. *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (holding that the district court correctly included an estimate of $1.4 million in attorneys' fees in assessing whether it had CAFA jurisdiction). Attorneys' fees may be awarded to the prevailing party on a claim alleging a violation of the Missouri Merchandising Practices Act. *See* Section 407.025; *Berry v. Volkswagen Group of Am., Inc.*, 397 S.W.3d 425, 430-32 (Mo. 2013) (holding that an award of attorneys' fees in an underlying class action was appropriate under Mo. Rev. Stat. § 407.025.2). While it is impossible to say with certainty at this stage what attorneys' fees will be reasonably expended by Plaintiff's counsel in this matter,[2] plaintiffs' lawyers frequently seek fees

---

[2] Pediatrix maintains that Plaintiff will not prevail on her claims, and no attorneys' fees should be awarded. Nevertheless, under Eighth Circuit precedent, attorneys' fees that are potentially

of over $2,000,000 in data breach class actions. Indeed, Ms. Brady, Plaintiff's counsel in this case, appeared in a data breach case against Aetna in which the plaintiffs' lawyers asserted that an attorneys' fee award of over twice that amount ($4,290,300) was reasonable. *Beckett v. Aetna, Inc.*, No. 17-cv-03864, Dkt. No. 66 (E.D. Pa. Jul. 17, 2018). Plaintiffs' lawyers in a data breach case brought against Sony sought a fee award of $2,750,000. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, No. 11-md-02258, Dkt. No. 204 (S.D. Cal. Apr. 3, 2015). And plaintiffs' lawyers in the Banner Health data breach litigation sought a fee award of $2,621,443.96. *In re Banner Health Data Breach Litig.*, No. 16-cv-02696, Dkt. No. 183 (D. Ariz. Feb. 10, 2020).

26. In sum, the Complaint places in controversy at least $5,000,000, and CAFA's jurisdictional threshold is satisfied.

### *The Exceptions to CAFA Do Not Apply*

27. None of the exceptions to CAFA jurisdiction applies here. *See* 28 U.S.C. §§ 1332(d)(3-4). In any event, the burden to prove the applicability of an exception to jurisdiction under CAFA rests with the party opposing removal. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) (finding that once a defendant establishes removal is proper, "the burden is on a plaintiff to find an express exception"). Accordingly, it is not Pediatrix's burden to demonstrate that any exception to CAFA does not apply.

### **CONCLUSION**

28. In conclusion, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than Pediatrix; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of

---

recoverable are properly included in assessing the amount in controversy. *Faltermeier*, 899 F.3d at 622 (8th Cir. 2018).

interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 have been met.

29. Accordingly, federal subject matter jurisdiction over this action exists.

30. Pediatrix reserves the right to amend this Notice of Removal.

WHEREFORE, Pediatrix removes the Action from the Circuit Court of the Jackson County Missouri to this Court.

Dated: February 25, 2021

Respectfully submitted,

 s/James R. Jarrow
James R. Jarrow    MO #38686
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
E-Mail: jarrow@bscr-law.com

Kristine McAlister Brown
(*pro hac vice* application forthcoming)
Gavin Reinke
(*pro hac vice* application forthcoming)
ALSTON& BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
E-Mail: kristy.brown@alston.com
         gavin.reinke@alston.com

*Attorneys for Defendant Pediatrix Medical Group of Kansas, P.C.*

# CERTIFICATE OF SERVICE

I hereby certify on this 25th day of February, 2021, the foregoing was electronically filed with the Clerk of the Court by using the Court's electronic filing system, by United States mail postage prepare to the following attorneys of record:

Maureen M. Brady, Esq.
Lucy McShane, Esq.
Nicholas J. Luedecke, Esq.
McShane & Brady, LLC
1656 Washington St., Ste. 120
Kansas City, MO 64108

ATTORNEY FOR PLAINTIFFS

                                                                             */s/ James R.Jarrow*